# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JAMES E. CORMICAN, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-61 |
| v. | |
| MARTY C. ALLEN, | |
| Defendant. | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JAMES CORMICAN, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-75 |
| v. | |
| INVESTIGATION TEAM, Georgia State Prison, | |
| Defendant. | |

## **O R D E R**

These matters are before the Court on Plaintiff's 42 U.S.C. § 1983 Complaints in the above-captioned cases. (Doc. 1; Doc. 1.)[1] For the reasons which follow, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings in Case Number 6:18-cv-75 upon the record and docket of Case

---

[1] In citing to the dockets in both cases, the Court references the filings in Case Number 6:18-cv-61 first and then to those in Case Number 6:18-cv-75.

Number 6:18-cv-61; **CONSOLIDATE** Case Number 6:18-cv-75 into Case Number 6:18-cv-61; **ADD** "Investigation Team, Georgia State Prison" as a named Defendant upon the record and docket of Case Number 6:18-cv-61; and **CLOSE** Case Number 6:18-cv-75 and enter the appropriate judgment of dismissal. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in Case Number 6:18-cv-75. (Doc. 2.)

## BACKGROUND

On June 6, 2018, Plaintiff's Complaint was filed in Case Number 6:18-cv-61. (Doc. 1, p. 5.) In that Complaint, he alleges he began complaining to Defendant Allen in December 2017 about terroristic threats, extortion, and drug sales occurring in Georgia State Prison. (Id.) Plaintiff contends other inmates have attacked him twice and threatened his family. Plaintiff states nothing other than a brief investigation was done in response to his complaints. (Id.) The Court granted Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 4.)

In his Complaint in Case Number 6:18-cv-75, which was filed on July 9, 2018, Plaintiff avers he wrote several letters to the investigation team at Georgia State Prison regarding attacks on his person, threats to his and his family's lives, and drug sales occurring in the cell block. (Doc. 1 at 5.) Plaintiff asserts, other than a minor investigation, nothing was done about his complaints. (Id.)

## DISCUSSION

The Court notes a district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and

eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Plaintiff's filings contain essentially the same facts and identical legal claims. At the core of his claims, Plaintiff contends he reported illegal activity to officials at Georgia State Prison, he was attacked, other inmates threatened him and his family, and officials did nothing other than conduct a brief investigation in response to his complaints. In addition, Plaintiff seeks monetary damages and his release from state custody so he can testify on the State's behalf. (Doc. 1, p. 6; Doc. 1, p. 6.) Given this congruence, the benefits of consolidation far outweigh any prejudice to the parties. For example, consolidation of Plaintiff's filings will promote judicial economy and help the parties avoid piecemeal litigation resulting from more than one cause of action.

## CONCLUSION

For the reasons set forth above, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings in Case Number 6:18-cv-75 upon the record and docket of Case Number 6:18-cv-61; **CONSOLIDATE** Case Number 6:18-cv-75 into Case Number 6:18-cv-61; **ADD** "Investigation

Team, Georgia State Prison" as a named Defendant upon the record and docket of Case Number 6:18-cv-61; and **CLOSE** Case Number 6:18-cv-75 and enter the appropriate judgment of dismissal. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in Case Number 6:18-cv-75, (doc. 2), as the Court has already granted him such status.

**SO ORDERED**, this 7th day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA