IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES E. CORMICAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARTY C. ALLEN; CREDIANE BURDEN; CONSUAYLA TARVER; and GEORGIA STATE PRISON INVESTIGATION TEAM,<br><br>        Defendants. | CIVIL ACTION NO.: 6:18-cv-61<br><br>FILED<br>Scott L. Poff, Clerk<br>United States District Court<br><br>*By casbell at 2:05 pm, Jan 06, 2020* |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 1983 challenging certain conditions of his confinement at Georgia State Prison. Doc. 1. On March 7, 2019, the Honorable R. Stan Baker consolidated Case Number 6:18-cv-75 into Case Number 6:18-cv-61. Doc. 15. On July 2, 2019, Judge Baker consolidated Case Number 6:18-cv-78 into Case Number 6:18-cv-61. Doc. 19. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against officials in their official capacities, as well as all claims against Defendants Allen, Burden, and the Georgia State Prison Investigations Team. Further, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. However, I **FIND** Plaintiff's claim for retaliation against Defendant Tarver is not due to be dismissed at this time. A copy of Plaintiff's Complaints, docs. 1, 16, 20, along with a copy of this Order shall be served upon Defendant Tarver by the United States Marshals Service without prepayment of cost.[1]

---

[1] While all three Complaints are being served for completeness, only Plaintiff's third Complaint, Doc. 20, contains allegations and claims against Defendant Tarver.

**BACKGROUND**

Plaintiff's claims concern threats and attacks from other inmates, drug sales inside the prison by other inmates, Plaintiff's requests that prison officials investigate such incidents, and retaliation by prison officials. Docs. 1, 16, 20. Specifically, Plaintiff alleges he wrote to prison officials on multiple occasions about the attacks and threats; however, no action was taken. Doc. 1 at 5; Doc. 16 at 5; Doc. 20 at 5. Plaintiff also alleges Defendant Tarver used abusive language, withheld medication, and issued a disciplinary report, all in retaliation for filing a lawsuit. Doc. 20 at 5. Plaintiff seeks monetary relief, release from prison (it is unclear whether he seeks temporary or permanent release), transfer to federal custody, and a protective order against all Georgia Department of Corrections employees. Doc. 1 at 6, Doc. 16 at 6; Doc. 20 at 6.

**STANDARD OF REVIEW**

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

3

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.  Official Capacity Claims

It is unclear whether Plaintiff is suing the named Defendants in their individual or official capacities. However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. However, to the extent Plaintiff successfully states a

4

constitutional claim, he may seek injunctive relief against any Defendant in their official capacity. Ex parte Young, 209 U.S. 123, 148–50 (1908). Thus, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II. Plaintiff's Claims Against Defendants Allen, Burden, and Georgia State Prison Investigation Team

Plaintiff alleges he wrote to prison officials on multiple occasions about drug sales, threats, and attacks by other inmates, but no action was taken. Docs. 1 at 5; Doc. 16 at 5; Doc. 20 at 5. Plaintiff provides no other allegations supporting this claim.

A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570. While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'" Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-CV-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff fails to provide factual details about any of the sales, threats, or attacks, he fails to explain when he informed Defendants about the attacks, and fails to explain how Defendants violated his constitutional rights by not responding to his complaints. Consequently, Plaintiff has failed to allege with any particularity specific facts from which a constitutional violation

5

could be construed.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Allen, Burden, and the Georgia State Prison Investigation Team.

### III.     Plaintiff's Retaliation Claims Against Defendant Tarver

Plaintiff alleges Defendant Tarver used abusive language against him, deprived him of seizure medication, and filed a false disciplinary report, all in retaliation for Plaintiff filing a lawsuit.  Doc. 20 at 5.

The Eleventh Circuit has adopted a three-part test for determining whether a plaintiff has an actionable First Amendment retaliation claim.  Bennett v. Hendrix, 423 F.3d 1247, 1250–51 (11th Cir. 2005).  Under the test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech.  Id. at 1250.  "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights."  Id. at 1254.  Accordingly, the Eleventh Circuit explained that a plaintiff need not show that his own exercise of First Amendment rights has been chilled, but instead, a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights.  Id. at 1254–55.

The First Amendment protects the right to redress the government for grievances, which includes the right of access to courts.  Bill Johnson's Rests. v. NRLB, 461 U.S. 731, 741 (1983); see also Redd v. Conway, 160 F. App'x 858, 862 (11th Cir. 2005) ("The First Amendment protects inmates from retaliation by prison officials for filing lawsuits or administrative grievances").  Accordingly, Plaintiff's filing of a lawsuit is a constitutionally-protected act

sufficient to meet prong one of the test. In addition, Plaintiff alleges facts that meet the other two prongs of a retaliation claim. See Pittman v. Tucker, 213 F. App'x 867, 870 (11th Cir. 2007) (finding a cognizable First Amendment claim where a prison administrator verbally threatened an inmate for his filing of grievances). Thus, Plaintiff's retaliation claim against Defendant Tarver is not due to be dismissed at this time.

## IV.     Leave to Appeal *in Forma Pauperis*

As stated, the Court should dismiss all claims for monetary damages against officials in their official capacities, as well as all claims against Defendants Allen, Burden, and the Georgia State Prison Investigations Division. If the Court adopts these recommendations, the Court should also **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims.[2] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka,

---

[2] A certificate of appealability is not required in this § 1983 action.

7

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are multiple claims that should be dismissed as frivolous, and any appeal of these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to these claims.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against officials in their official capacities, as well as all claims against Defendants Allen, Burden, and the Georgia State Prison Investigation Division. Further, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. However, I **FIND** Plaintiff's claim for retaliation against Defendant Tarver is not due to be dismissed at this early time. A copy of Plaintiff's Complaints, docs. 1, 16, 20, along with a copy of this Order shall be served upon Defendant Tarver by the United States Marshals Service without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request that defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within

this time period.  Id.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in

Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA